IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ERIN SMOLIN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | NO. 1:20-CV-029-P |
| | § | (NO. 1:19-CR-008-P) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Erin Smolin, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the Government's response, the reply, the record in the underlying criminal case, No. 1:19-CR-008-P, and applicable authorities, finds that the motion should be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On January 9, 2019, Movant was named with a co-defendant, Mario Angelo Perez ("Perez"), in a one-count indictment charging her with conspiracy distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 3. On April 16, 2019, Movant appeared before the Court for rearraignment with the intent to enter

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 1:19-CR-008-P.

a plea of guilty to the offense charged pursuant to a plea agreement. CR Doc. 62. Movant and her attorney signed a factual resume setting forth the elements of the offense and the stipulated facts supporting Movant's guilt. CR Doc. 60. Movant testified under oath that she had reviewed the factual resume with her attorney, that all of the facts contained therein were true and correct, and that she committed each of the essential elements of the offense charged. CR Doc. 95 at 6–7. The plea agreement including a waiver of appeal, signed by Movant, her counsel, and counsel for the Government, was filed. CR Doc. 58. Movant, again testifying under oath, stated that she had reviewed the plea agreement with her attorney and that she understood she was waiving her right to appeal or otherwise challenge her conviction or sentence except under limited circumstances set forth therein. Doc. 95 at 8–9. In addition, Movant and her counsel signed a consent to administration of guilty plea by the United States Magistrate Judge. CR Doc. 63. Movant did not lodge any objections to the proceedings and the Court accepted Movant's plea of guilty. CR Doc. 65.

The probation officer prepared a presentence report ("PSR"), CR Doc. 71, which reflected that Movant's base offense level was 36. PSR ¶ 23. She received a four-level adjustment for her role as organizer or leader of criminal activity involving five or more participants or that was otherwise extensive. *Id.* ¶ 26. She received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 30, 31. Based on a total offense level of 37 and a criminal history category of V, movant's guideline imprisonment range was 324 to 405 months. *Id.* ¶ 77. Movant filed objections, CR Doc. 73, and the probation officer prepared an addendum to the PSR. CR Doc. 80. Based on a revised calculation of the total

amount of methamphetamine involved, Movant's base offense level was recalculated as level 34 and her total offense level 35, making her guideline imprisonment range 262 to 327 months. *Id.* at 3. Movant again objected. CR Doc. 81.

On September 24, 2019, Movant was sentenced to a term of imprisonment of 300 months. CR Doc. 92. She did not appeal.

## GROUNDS OF THE MOTION

Movant asserted two grounds in support of her motion. Doc.[2] 1. In her reply, she withdraws the first ground.[3] Doc. 8 at 1. Thus, the only ground for the court to consider is Ground Two, worded as follows: "Leadership Role—resulting in 4 level upward departure." Doc. 1 at PageID[4] 5. In the supporting facts section, she states:

> I was not in a leadership role at any time this enhancement was based on a phone call I made at the request of FBI Agent Shawn Means on 3/26/18. Leading to the arrest of Mario Perez which was subsequently used to label me as a leadership role when in fact I was cooperating with the government and should've received 5K1 status.

*Id.* Where the form asks about other post-conviction motions, Movant says "This 2255 is my appeal on this ground." *Id.* at PageID 6.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] Movant's first ground was based on the mistaken contention that she was sentenced as a career offender.

[4] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers on the form used by Movant are not the actual page numbers.

## APPLICABLE LEGAL STANDARDS

**A.     § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

**B.     Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

As Movant herself admits, she is seeking to use her motion to raise a ground that should have been raised on appeal. Doc. 1 at PageID 6. A motion under § 2255 is not a

5

substitute for appeal. *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). To proceed, Movant must show both cause for the default and actual prejudice resulting from the purported error. *Frady*, 456 U.S. at 168; *Shaid*, 937 F.2d at 232. Although her motion does not say so, in her reply Movant argues that the cause for her failure to raise the issue on appeal was ineffective assistance of counsel. Doc. 8 at 1. Of course, counsel cannot have been ineffective in failing to raise an issue that had been knowingly and voluntarily waived in the process of plea bargaining. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Here, the plea agreement, which was knowingly and voluntarily entered, contains a waiver of the right to appeal as well as a waiver of the right to pursue collateral relief. CR Doc. 58. Movant has made no attempt to show that the plea was not knowing and voluntary due to ineffective assistance of counsel. *See United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002).

    Even assuming Movant could show cause, and she cannot, she cannot show prejudice. Although Movant now argues that her leadership role was based on telephone calls made at the behest of an FBI agent, the record belies this contention. Movant herself admitted in her factual resume that she "continued to run her drug trafficking business from jail with the assistance of Perez." CR Doc. 60 at 2–3, ¶ 3. The factual resume recites four telephone calls from jail that reflect Movant's continuing participation in the conspiracy. *Id.* at 3, ¶¶ 4–7. These calls reflect at least four persons other than Movant participated. *Id.* The addendum to the PSR reflects that Movant failed to assist the FBI in implicating her source of supply as she was requested to do, instead continuing with her drug trafficking

6

activity. CR Doc. 80 at 2. Movant offers no evidence to contradict the record. Her solemn declarations in open court as to the truthfulness of the factual resume are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court was entitled to rely on Movant's testimony and on the facts set forth in the PSR and addendum thereto. *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Movant directed at least seven participants in the drug trafficking scheme. PSR ¶ 16.

## ORDER

The court **ORDERS** that the relief sought by Movant in her motion under § 2255 be, and is hereby, **DENIED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that a certificate of appealability be, and is hereby, denied, as Movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 8, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE